KAMER ZUCKER ABBOTT
Edwin A. Keller, Jr.   #6013
Timothy W. Roehrs   #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
ekeller@kzalaw.com
troehrs@kzalaw.com

Attorneys for Defendant Bellagio, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDY CHINCHILLA, as an Individual, ) | Case No: 2:13-cv-01000-GMN-NJK |
| ) | |
| Plaintiff/Petitioner, ) | **STIPULATION AND ORDER** |
| ) | **STAYING DISCOVERY** |
| vs. ) | |
| ) | **(Second Request, First Request** |
| BELLAGIO, LLC, as the Employer, ) | **Following Consolidation)** |
| ) | |
| Defendant/Respondent. ) | |
| _____ ) | |

COME NOW Plaintiff, Eddy Chinchilla ("Plaintiff") and Defendants Bellagio, LLC, ("Bellagio") and Culinary Workers Union Local 226 ("the Union") (collectively the "parties"), by and through their respective counsel of record, and pursuant to Fed. R. Civ. P. 1 and 26(c), request that the Court enter an order staying discovery pending the Court's disposition of Bellagio's and the Union's Motions to Dismiss Plaintiff's Amended Complaint that were filed on March 5-6, 2014 (Docket ## 22-23).

In support of this Stipulation and Request, the parties state as follows:

1.   This case involves: (a) Plaintiff's challenge of a February 22, 2012 arbitration award issued by Arbitrator Franklin Silver, following the arbitration of a union grievance between Bellagio and the Union pursuant to a collective bargaining agreement pertaining to Plaintiff's employment termination from Bellagio and providing that Plaintiff was ineligible for

1  back pay upon his reinstatement; and (b) Plaintiff's allegation that the Union violated its duty of fair representation to him during the grievance and arbitration process.

2.  Plaintiff originally filed a "Petition For Judicial For Judicial Review Of The Opinion And Award Of The Arbitrator" in the Eighth Judicial District Court, Clark County, Nevada on May 1, 2013. (Docket #1). On June 5, 2013, Bellagio removed the Plaintiff's Petition/Complaint to this Court on federal preemption grounds, which was assigned Case No. 2:13-cv-01000-GMN-NJK; and subsequently filed a Motion to Dismiss on June 11, 2013. (Docket #4). That motion was fully briefed on July 1, 2013. (Docket #8).

3.  On September 9, 2013, Bellagio's and Plaintiff's proposed Stipulated Discovery Plan and Scheduling Order was filed with the Court. (Docket #14). The Discovery Plan and Scheduling Order set a deadline of September 19, 2013 for the parties' Fed. R. Civ. P. 26(a) Initial Disclosures and presented a joint request to stay discovery pending the resolution of Bellagio's Motion to Dismiss.

4.  The Court entered the discovery stay on September 10, 2013, following the standard set for discovery stays in Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602-03 (D. Nev. 2011). In doing so, the Court held that the Tradebay standard had been met, finding that Bellagio's Motion to Dismiss was potentially case-dispositive, that the motion to dismiss could be decided without additional discovery, and that a "preliminary peek" of the merits of Bellagio's motion indicated that the Plaintiff would be unable to state a claim for relief. Court's Order of September 10, 2013 (Docket No. 15), at 1. Bellagio's Motion to Dismiss was granted on January 24, 2014, with Plaintiff having the ability to file an Amended Complaint. (Docket #18); paragraph 7, infra.

5.  In a separate action, on July 11, 2013, Plaintiff filed a Complaint in the Eighth Judicial District Court, Clark County, Nevada against the Union asserting a Breach of the Duty of Fair Representation claim and a number of state law claims stemming from his grievance and arbitration. The Union removed the case to this Court on August 21, 2014, as Case No. 2:13-cv-01501-GMN-NJK. (Docket #1 to Case No. 2:13-cv-01501-GMN-NJK). The Union then filed a Motion to Dismiss on August 27, 2013, which was fully briefed on September 20, 2013.

1    6.   Plaintiff and the Union submitted their proposed Stipulated Discovery Plan and Scheduling Order on October 7, 2013 which was granted by the Court on October 8, 2013. (Docket ## 17-18 to Case No. 2:13-cv-01501-GMN-NJK).  The Scheduling Order set, among other things, a deadline for discovery which expired on February 24, 2014 and a deadline for dispositive motions of March 26, 2014.  Id.  Subsequently, the Union deposed Plaintiff on January 7, 2014.

7.   On January 24, 2014, the Court issued an Order consolidating the Plaintiff's case against Bellagio with his case against the Union case under Case No. 2:13-cv-01000-GMN-NJK. Court's Order of January 24, 2014 (Docket No. 18), at 6, 10.  In that Order, the Court granted both Bellagio's and the Union's Motions to Dismiss.  The Court dismissed Plaintiff's state law claims against the Union with prejudice.  The Court dismissed without prejudice the Plaintiff's federal Breach of the Duty of Fair Representation claim against the Union, and the Plaintiff's claims against Bellagio, but noted that there may be a statute of limitations issue.  Id. at 10.  The Court granted the Plaintiff leave to file an Amended Complaint with consolidated claims against the Union and Bellagio.  Id.

8.   Plaintiff filed an Amended Complaint on February 20, 2014, in which he named both Bellagio and the Union as Defendants, bringing a Hybrid Section 301/Breach of the Duty of Fair Representation claim, and asserting that Bellagio breached the collective bargaining agreement and that the Union breached its duty of fair representation.  See Amended Complaint (Docket #19) at 6-7.

9.   The Union and Bellagio each filed Motions to Dismiss Plaintiff's Amended Complaint on March 5, 2014 and March 6, 2014 respectively.  In each their respective Motions, the Union and Bellagio both asserted, *inter alia*, that the Plaintiff's Amended Complaint must be dismissed with prejudice because: (1) the Plaintiff failed to plead a plausible Hybrid Section 301/Breach of the Duty of Fair Representation claim insofar as Plaintiff failed to plead allegations sufficient to show that the Union breached its duty of fair representation; and (2) Plaintiff's Hybrid Section 301/Breach of the Duty of Fair Representation suit is barred by the

applicable statute of limitations.  Union Motion to Dismiss (Docket #22-1); Bellagio's Motion to Dismiss Amended Complaint (Docket #23).

10. Plaintiff's Responses to the Union's and Bellagio's Motions to Dismiss are presently due on March 28, 2014.  (Docket #27).

11. This matter is presently set for an Early Neutral Evaluation session scheduled to take place on June 4, 2014.  (Docket ##21, 25)

12. The parties seek a stay of discovery until the Court rules on the Defendants' Motion to Dismiss and submit that good cause exists for such a stay given the applicable standards for the same.  See Fed. R. Civ. P. 26(c); Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 502-04 (D. Nev. 2013); Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 603 (D. Nev. 2011).

13. The parties stipulate that a stay of discovery, while Bellagio's and the Union's Motions to Dismiss are pending, is warranted under the applicable authority, insofar as: (a) Bellagio's and the Union's pending motions are potentially dispositive of the entire case; (b) Bellagio's and the Union's pending motions can be decided without additional discovery; and (c) a stay of discovery will best accomplish the objectives of Fed. R. Civ. P. 1 to secure the just, speedy and inexpensive determination of this action.  See Ministerio Roca Solida, 288 F.R.D. at 506; Tradebay, 278 F.R.D. at 602-03, 608.

14. The parties stipulate and agree that in the event that neither of the Defendants' Motions to Dismiss are granted in full, within fourteen (14) days of the issuance of the order addressing the pending motions to dismiss, the parties will file a joint status report indicating what discovery needs to be completed and providing a proposed plan and schedule for completing it and meeting any other case deadlines.

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the parties respectfully request that this Court enter an order staying discovery pending the outcome of Bellagio and the Union's Motions to Dismiss Plaintiff's Amended Complaint, as set forth above.

DATED: March 25, 2014                                  DATED: March 25, 2014

KANG & ASSOCIATES, PLLC                                KAMER ZUCKER ABBOTT


By: __/s/ Patrick W. Kang_____                 By: ___/s/ Timothy W. Roehrs_____
    Patrick W. Kang       #010381                      Edwin A. Keller, Jr.         #6013
    Erica D. Loyd         #010922                      Timothy W. Roehrs            #9668
    3571 Red Rock Street, Suite A                       3000 West Charleston Boulevard, Suite 3
    Las Vegas, Nevada 89103                             Las Vegas, Nevada 89102-1990
    Tel: (702) 333-4223                                 Tel: (702) 259-8640
    Fax: (702) 507-1468                                 Fax: (702) 259-8646

    Attorneys for Plaintiff                             Attorneys for Defendant, Bellagio, LLC


McCRACKEN, STEMERMAN & HOLSBERRY


By: __/s/ Kristin Martin_____
    Kristin L. Martin      #7807
    1630 Commerce Street, Suite A-1
    Las Vegas, Nevada 89102
    Tel: (702) 386-5107
    Fax: (702) 386-0848

    Attorneys for Defendant, Culinary Workers Union Local 226

**ORDER**

IT IS SO ORDERED.

DATE: March 26, 2014                                   _____
                                                                 United States Magistrate Judge